IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN LORENZO BARELA, JR., § | |
| ID # 58747-051, § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:18-CV-2353-G-BH |
| § | |
| M. UNDERWOOD, WARDEN, et al., § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Motion for Sanctions*, received June 4, 2019 (doc. 30). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I.  BACKGROUND

Juan Lorenzo Barela, Jr. (Plaintiff), an inmate in the Federal Correctional Institute (FCI) in Seagoville, Texas, sues various prison officials for alleged violation of his civil rights under the First, Fifth and Eighth Amendments.  (*See* doc. 3 at 6.)[2]  He contends that the defendants have refused his requests to be moved to a different housing unit because of his medical issues and have denied him the ability to pursue grievances and access the courts.  (*Id.*)  On December 3, 2018, the defendants moved to dismiss this action for failure to state a claim, failure to overcome their qualified immunity defense, and failure to exhaust his administrative remedies.  (*See* docs. 14, 15.)  Plaintiff now seeks sanctions against the defendants' counsel under Rule 11 of the Federal Rules of Civil Procedure based on his disagreement with the allegations in the motion, supporting brief, and reply brief.  (*See* doc. 30 at 1-2.)  He appears to complain that counsel seeks dismissal of his complaint based on failure to exhaust even though the defendants' alleged misconduct rendered the administrative remedy

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

procedures unavailable to him. (*Id.*)

## II. RULE 11

Rule 11(b) provides that by presenting a filing to a court, attorneys are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. Fed. R. Civ. P. 11(b). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits," *Zuffante v. Stephens*, No. 3:13-CV-1146-B, 2013 WL 4829193, at *1 (N.D. Tex. Sept. 9, 2013) (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *Bell v. Dunn, Johnston & Brown*, No. 3:10-CV-1-M-BH, 2011 WL 759473, at *3 (N.D. Tex. Feb. 7, 2011), *adopted by* 2011 WL 726114 (N.D. Tex. Mar. 1, 2011). Courts have a duty to "impose the least severe sanction adequate" to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (quoting *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992)); *accord* Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Rule 11(c)(2) provides that the motion for sanctions must be made separately from any other motion and must describe the specific sanctionable conduct. Fed. R. Civ. P. 11(c)(2). It also contains

2

a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* This requirement is strictly construed and substantial compliance is insufficient. *Morris v. Thaler*, No. 3:12-CV-4916-N, 2013 WL 2383652, at *2 (N.D. Tex. May 31, 2013) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011)). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *In re Pratt*, 524 F.3d at 586-88 (noting courts "have continually held that strict compliance with Rule 11 is mandatory"). The movant has the burden to show compliance with the safe harbor provision. *See id.*; *see also Elliott*, 64 F.3d at 216.

Here, Plaintiff has failed to meet his burden to show that he served his motion for sanctions twenty-one days prior to filing it. His motion does not include a certificate of conference, or statement that he complied with the requirements of Rule 11. Because Plaintiff has not shown that he strictly complied with the safe harbor provision, his motion for sanctions under Rule 11 should be **DENIED**. In addition, Plaintiff has not shown that the defendants' filing is baseless or that it meets the standard for sanctions under Rule 11.

### III.  RECOMMENDATION

Plaintiff's motion for sanctions should be **DENIED**.

**SO RECOMMENDED** on this 6th day of June, 2019.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE